IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAIL BECNEL, et al. | |
| Plaintiffs, | CONSOLIDATED UNDER MDL 875 |
| | Transferred from the Middle District of Louisiana |
| v. | (Case No. 08-315) |
| ANCO INSULATIONS, INC., et al., | E.D. PA CIVIL ACTION NO. 08-84556 |
| Defendants. | |

FILED JAN 28 2011 MICHAEL E. KUNZ, Clerk By _____ Dep. Clerk

### Memorandum & Order

**AND NOW**, this **26th** day of **January, 2011**, it is hereby **ORDERED** that Plaintiffs' motion to withdraw opposition to Defendants' motion for summary judgment (doc. no. 44) is **GRANTED**;

It is hereby further **ORDERED** that the motion for summary judgment filed by Defendant-Travelers Indemnity Company, Defendant-American Motorists Insurance Company, and Defendant-Commercial Union Insurance Company (doc. nos. 15, 17) is **GRANTED**;[1]

---

[1] Plaintiffs Gail Becnel, Carl Becnel, and David Becnel ("Plaintiffs") brought this asbestos products liability action against several defendants. Defendants Travelers Indemnity Company, American Motorists Insurance Company, and Commercial Union Insurance Company (collectively, "Defendants") moved for summary judgment, arguing federal law preempts Plaintiffs' state law claim. Plaintiffs initially opposed Defendants' motion, (see doc. no. 21), but have since moved to withdraw their opposition, (see doc. no. 44.) Having granted Plaintiffs' motion to withdraw their opposition by way of the instant Order, Defendants' motion is currently unopposed. Therefore, as the local rules provide, the Court must independently determine whether the moving party is entitled to judgment as a matter of law. See Loc. R. Civ. P. 7.1(c).

## I. BACKGROUND

Plaintiffs are the wife and sons of Carl Becnel, Sr. ("Becnel"). Becnel worked as an electrician for Avondale Industries, Inc. ("Avondale") beginning in 1970. During such time, James O'Donnell ("O'Donnell") served as an executive officer for Avondale. Plaintiffs sued O'Donnell, alleging that he failed to provide Becnel with a safe working environment at Avondale. Defendants have moved for summary judgment as O'Donnell's insurer, contending that a federal statute immunizes O'Donnell from liability insofar as O'Donnell was Becnel's co-employee.

## II. LEGAL STANDARD

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III. DISCUSSION

In Canter v. Koehring Co., the Louisiana Supreme Court held an injured worker could seek tort recovery from negligent

co-employees, including executive officers. 283 So. 2d 716, 722 (La. 1973). While the Louisiana legislature amended Louisiana's workers' compensation act to limit this basis for liability in 1976, see La. Rev. Stat. Ann. § 23:1032, the immunity it conferred to co-employees did not extend retroactively. Here, Plaintiffs' claim is based on O'Donnell's alleged negligence before the 1976 amendment to Louisiana's Workers' Compensation Act. And, as a transferee court of a diversity case that originated in the Middle District of Louisiana, this Court is tasked with applying Louisiana law to this dispute. See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Consequently, if Louisiana law was the only source of applicable law, Defendants would not be entitled to summary judgment by sheer virtue of O'Donnell's status as Becnel's co-employee. This case, however, is hardly that simple.

It is, after all, necessary to evaluate whether a federal statute—the Longshore and Harbor Workers' Compensation Act (the "LHWCA")—preempts Louisiana law insofar as the latter permits a plaintiff to recover against a co-employee for his or her pre-1976 work-related negligence. The LHWCA applies to those "engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations," 33 U.S.C. § 902(3), who are injured "upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)," 33 U.S.C. § 903(a). Defendants evidentiary materials, which Plaintiffs have not rebutted, indicate that the circumstances attendant to Becnel's employment qualified him for the LHWCA's protections. (See Def.'s Mot. For Summ. J., Doc. No. 15, Ex. 1.)

The applicability of the LHWCA to Becnel presents a problem to Plaintiffs' theory of liability because the LHWCA clearly immunizes a party's co-employees from civil liability. Specifically, the LHWCA provides that:

> The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer.

3

33 U.S.C. § 933. Pointing to this provision, Defendants argue the LHWCA preempts Louisiana state law to the (limited) extent it permits a party to sue his or her co-employee following a work-related injury. Defendants argument finds support in decisions reached by the highest courts of two states—Maryland and Alabama. See Hill v. Knapp, 914 A.2d 1193 (Md. 2007); Fillinger v. Foster, 448 So. 2d 321 (Ala. 1984). Both cases held that the LHWCA preempted state laws permitting recovery against a co-employee under materially similar facts to those presented in this case. See id. Interestingly, however, in Poche v. Avondale Shipyards, Inc., the Louisiana Supreme Court reached the opposite conclusion when confronted with this issue. 339 So. 2d 1212, 1221 (La. 1976). Courts in Louisiana have continued to endorse the Poche rule. See, e.g., Adams v. Owens-Corning Fiberglass Corp., 921 So. 2d 972, 977-78 (La. Ct. App. 2005).

While Louisiana state law applies in this diversity action, the question of preemption is governed by federal law. Thus, the MDL transferee court applies the federal law of the circuit where it sits. See In re Asbestos Prods. Liability Litig. (No. VI), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009). Here, Defendants assert that the LHWCA impliedly preempts Louisiana state law based on an irreconcilable conflict between federal and state law. This basis for preemption—so-called "conflict preemption"—may occur in two scenarios: (1) "'where compliance with both federal and state regulations is a physical impossibility for one engaged in interstate commerce'"; and (2) "when, 'under the circumstances of [a] particular case, [state] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Wyeth v. Levine, 129 S. Ct. 1187, 1208 (2009) (quoting Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-43 (1963); Hines v. Davidowitz, 312 U.S. 52, 67 (1941)).

After a careful review of the relevant legal principles and the parties' submissions, the Court concludes that the LHWCA preempts Louisiana state law insofar as Louisiana law permits certain plaintiffs to recover in negligence against their co-employees. Although the Poche Court reached the opposite conclusion, it did so before the Supreme Court handed down Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715 (1980) which analyzed the LHWCA and recognized that a narrow portion of a state's worker's compensation regime could be preempted if the circumstances so require. See id. at 724 n.6. In the wake of this decision, the Poche Court's concern with broad strokes preemption "in an area of traditionally local concern" is less

4

It is hereby further **ORDERED** that judgment shall be entered against Plaintiffs in favor of Defendant-Travelers Indemnity Company, Defendant-American Motorists Insurance Company, and Defendant-Commercial Union Insurance Company.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

significant. Poche, 339 So. 2d at 1221. Moreover, the Court finds the fact that Louisiana no longer permits work-related injury suits against co-employees to be notable. While this fact does not directly bear on this Court's preemption calculus, it does demonstrate that Louisiana's concern for applying a rule that clearly conflicts with federal law is not particularly strong.

For these reasons and based on the need for uniformity in benefits contemplated by the LHWCA, the Court agrees with the Hill and Fillinger decisions that holding otherwise would "stand[] as an obstacle to the accomplishment and execution of the full purpose and objectives of the LHWCA." Hill, 914 A.2d at 1193. Thus, Defendants' motion for summary judgment is granted.