identified in Exhibit "E," at all times relevant to this complaint, have been either the operator and/or the manager and/or the owner and occupier of its respective facilities and in custody of the facilities during the relevant time period. The facilities were defective in that the asbestos and asbestos-containing materials in the facilities created an unreasonable risk of harm to the Plaintiff and other persons on the premises. Decedent was exposed to asbestos and asbestos-containing materials while he was an invitee at the premise defendants' facilities. The defective condition of the facilities was a proximate cause of the Decedent contracting malignant mesothelioma.

40. The Premise Defendants are liable to Plaintiffs for its failure to exercise reasonable care to protect Decedent from the foreseeable dangers associated with exposure to asbestos. The Premise Defendants, as the premises operator and/or manager and/or owner and occupier, and/or custodian, had a non-delegable duty to keep the premises safe for invitees. The Premise Defendants knew or should have known of the unreasonable risk of harm inherent in exposure to asbestos and asbestos-containing materials but failed to protect Decedent from said risk of harm. The Premise Defendants' failure to protect Decedent, from known and/or foreseeable dangers constitutes negligence. Said negligence was a proximate cause of Decedent, Carl Becnel, Sr., contracting malignant mesothelioma.

COUNT SIX

JOINT AND SOLIDARY LIABILITY

41. All of the allegations contained in the previous paragraphs are realleged herein.

42. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Decedent.

43. The actions of each of the Defendants is a proximate cause of Decedent's injuries. As a result, all Defendants are jointly and solidarily liable for the damages caused by their combined actions.

COUNT SEVEN

44. All of the allegations contained in the previous paragraphs are realleged herein.

45. Plaintiffs hereby assert the wrongful death action as the surviving heirs of Decedent, Carl Becnel, Sr.. The death of the Decedent was due to or a consequence of decedent's exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that was unreasonably dangerous per se; defective in composition or construction; defective in design; lacking suitable warnings or instructions concerning the hazards presented; and as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the defendants as alleged with more specificity in the prior petitions. As a direct and proximate result of the delictual conduct of the defendants, the petitioners have lost the love, affection, society, support, services and future earnings of the decedent and all other damages due pursuant to La.C.C.Art. 2315.2; and asserts this wrongful death action against the defendants.

46. The actions of each of the Defendants is a proximate cause of Decedent's injuries and death. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

COUNT EIGHT

47. All of the allegations contained in the previous paragraphs are realleged herein.

48. The Plaintiffs listed on Exhibit "A" are the statutory survivors of Decedent, Carl Becnel, Sr., and hereby assert this survival action pursuant to La.C.C.Art. 2315.1.

DAMAGES

44. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease and other related physical conditions of Decedent as set forth in Exhibit "A." Plaintiffs and Plaintiffs' Decedent have been damaged in the following non-exclusive particulars:

(a) Decedent suffered great physical pain and mental anguish until the time of his death;

(b) Plaintiffs have incurred hospital and/or medical and/or pharmaceutical and/or other expenses due to the progressively disabling character of asbestos-related lung disease, mesothelioma, and other related physical conditions from which Decedent suffered;

(c) Decedent suffered physical impairment due to the disabling character of asbestos-related lung disease, mesothelioma and other related physical conditions;

(d) Decedent suffered permanent partial disability due to the progressive character of asbestos-related lung disease, mesothelioma and other related physical conditions;

(e) Decedent suffered a progressive loss of earning capacity;

(f) Plaintiffs required domestic help and nursing care due to Decedent's disabilities and have been or will be required to pay for such domestic help and nursing services;

(g) Prior to the onset of his symptoms, Decedent was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Decedent was prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease. Decedent was prevented from participating in and enjoying the benefits of a full and complete life;

(h) Plaintiffs, have suffered and will suffer the loss of Decedent's services, consortium, financial support and the care and comfort of his society because of Decedent's asbestos-related injuries, disabilities, and death, and she has incurred expenses for medical and nursing attention rendered to her spouse, as well as for his funeral and burial; and

(i) Plaintiffs, as a direct and proximate result of the delictual conduct of the defendants, have lost the love, affection, society, support, services and

future earnings of the decedent and all other damages due pursuant to La.C.C.Art. 2315.2.

45. Plaintiffs filed suit within one (1) year of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action, as well as within one (1) year of the date of death of Decedent.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for their costs expended herein, for prejudgment interest from the date of Plaintiffs' filing of the lawsuit and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LeBLANC & WADDELL, LLP**
6955 Perkins Road, Suite 100
Baton Rouge, LA 70808
Tel: (225) 768-7222
Fax: (225) 768-7999

Cameron R. Waddell (Bar Roll No. 24245)
Jody E. Anderman (Bar Roll No. 18764)
Jo Ann Lea (Bar Roll No. 28860)
Christopher C. Colley (Bar Roll No. 30322)
Jason K. Placke (Bar Roll No.30019)
Christopher J. Corzo (Bar Roll No. 30451)

EXHIBIT "A"

PLAINTIFFS:
Gail Becnel, surviving spouse of Decedent, Carl Becnel, Sr.
5404 Shamrops Dr.
Kenner, LA 70065
DOB:11/16/45
SSN: 438-64-xxxx

Carl Becnel, Jr. surviving adult son of Decedent, Carl Becnel, Sr.
500 Jeannette Dr.
Metairie, LA 70003
DOB:9/16/63
SSN: 437-90-xxxx

David Becnel, surviving adult son of Decedent, Carl Becnel, Sr.
1500 I-10 Service Road, Apt. 41
Slidell, LA 70461
DOB:7/6/69
SSN: 433-194-xxxx


Decedent, Carl Becnel, Sr's, principal trade or trades when exposed to asbestos:

    Electrician

Decedent, Carl Becnel, Sr's, principal site or sites of exposure to asbestos include, but are not limited to the following:

    Avondale Shipyard in Louisiana

Decedent, Carl Becnel, Sr's, years of exposure to asbestos include, but are not limited to the following:

    1965 through the 2004, approximately

Decedent, Carl Becnel, Sr's disease:

    Asbestos-related mesothelioma

CITY OF NEW ORLEANS
STATE OF LOUISIANA
CERTIFICATE OF LIVE BIRTH

BIRTH No. 157 [illegible]

[illegible]

NEW ORLEANS

ORLEANS

SOUTHERN BAPTIST HOSPITAL

[illegible]

SEP 26 1963

FOR MEDICAL AND HEALTH USE ONLY

I CERTIFY THAT THE ABOVE IS A TRUE COPY OF THE ORIGINAL RECORD DULY RECORDED IN THE OFFICE OF THE REGISTRAR OF BIRTHS, MARRIAGES AND DEATHS FOR THE PARISH OF ORLEANS AND CITY OF NEW ORLEANS.

DATE AUG 21 [illegible]

DEPUTY REGISTRAR

IMPORTANT: Black Ink or Typewriter Is Mandatory By Law.

STATE OF LOUISIANA

# CERTIFICATE OF LIVE BIRTH

Birth No. 117 6902696

| Section | Field | Entry |
|---|---|---|
| THIS CHILD (Type or print names. Do not use numerals for month of birth.) | 1A. Child's last name | Becnel |
| | 1B. First name | David |
| | 1C. Second name | Lawrence |
| | 2A. Date of birth | July 6, 19 |
| | 3. Sex—Girl or Boy? | Boy |
| | 4. This birth | Single ☑ Twin ☐ Triplet ☐ |
| | 5. If twin or triplet, was child born | 1st ☐ 2d ☐ 3d ☐ |
| | 2B. Hour of birth | 9:24 |
| PLACE OF BIRTH | 6A. Place of birth (city, town, or location) | Metairie, Louisiana |
| | 6B. Parish of birth | Jefferson |
| | 6C. Name of hospital or institution | Lakeside Hospital, Inc. |
| | 6D. Is place of birth inside city limits? | Yes ☐ |
| USUAL RESIDENCE OF MOTHER (Where does mother live?) | 7A. Usual residence of mother (city, town or location) | Kenner |
| | 7B. Parish | Jefferson |
| | 7C. State | Louisiana |
| | 7D. Street address | 2408 24th Street |
| | 7E. Is residence inside city limits? | Yes ☑ |
| FATHER OF CHILD | 8A. Full name of father | Carl Sylvester Becnel |
| | 8B. State of birth (if not in U.S.A., name country) | Louisiana |
| | 8C. Age (at time of this birth) | 29 |
| | 8D. Color or race of father | White |
| MOTHER OF CHILD | 9A. Full maiden name of mother | Gail Ann Naranto |
| | 9B. State of birth (if not in U.S.A., name country) | Louisiana |
| | 9C. Age (at time of this birth) | 23 |
| | 9D. Color or race of mother | White |
| INFORMANT'S CERTIFICATION | I certify that the above stated information is true and correct to the best of my knowledge. 10. Signature of parent or other informant | Gail Naranto Becnel — Parent ☑ Other ☐ |
| | 11. Date of signature | July 8, 1969 |
| | 12. Mother's mailing address | 2408 24th Street, Kenner, Louisiana 70062 |
| ATTENDANT'S CERTIFICATION | I certify that I attended this birth and that the child was born alive on the date stated above. 13. Signature of attendant | [signature] — M.D. ☑ Midwife ☐ Other ☐ |
| | 14. Date of signature | July 8, 1969 |
| REGISTRAR'S CERTIFICATION | 15. Date accepted by local registrar | July 15, 1969 |
| | 16. Signature of local registrar | Hilda Reynaud M. Dpu C. Heiber |
| | 17. Date filed by state registrar | JUL 21 1969 |

CONFIDENTIAL INFORMATION FOR MEDICAL AND HEALTH USE ONLY

I CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF A CERTIFICATE DULY REGISTERED WITH THE LOUISIANA STATE DEPARTMENT OF HEALTH, BUREAU OF VITAL STATISTICS.

Andrew Hedmeg M.D.
ACTING STATE HEALTH OFFICER

[signature]
STATE REGISTRAR

Sept. 30, 1969

EXHIBIT "B"

1. **Anco Insulations, Inc.**
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service, to-wit: **Thomas E. Balhoff, 8440 Jefferson Highway, Suite 301, Baton Rouge, LA 70809**

2. **Owens-Illinois, Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Ohio, with its principal place of business in Shreveport, Louisiana and with an agent for service, to-wit: **via the Louisiana Long Arm Statute at its Corporate Headquarters, One Seagate, Toledo, OH 43666**

3. **Commercial Union Insurance Company**
(as in the insurer of the deceased Executive Officer of Avondale Industries, Inc. John Chantrey, James O'Donnell, George Kelmell, Hettie Margaret Dawes-Eaves, Ollie Gatlin and Henry "Zac" Carter, and Peter Territo (For Service of Process via the Direct Action Statute L.R.S. 22:655)
**Through the Louisiana Secretary of State**
**8549 United Plaza Boulevard**
**Baton Rouge, LA 70809**

4. **Eagle, Inc.**
(Formerly Eagle Asbestos & Packing Co., Inc.
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: **Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163**

5. **Hopeman Brothers, Inc.**
a Delaware Corporation authorized to do and doing business in Louisiana, with its principal place of business in New Orleans, Louisiana, and with an agent for service in the state of Louisiana, to-wit: **C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809**

6. **The McCarty Corporation**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: **Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802**

7. **Northrop Grumman Ship Systems, Inc.**
(f/k/a Avondale Industries, Inc.)
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Avondale, Louisiana and with an agent for service, to-wit: **CT Corporation System, 8550 United Plaza Blvd., Baton Rouge, LA 70809**

8. **Reilly-Benton Co., Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Jefferson, Louisiana and with an agent for service in the State of Louisiana, to-wit: **Thomas L. Cougill, C/O Beason-Willingham, LLP, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, La 70809**

9. **Riley Power, Inc.**
   (f/k/a Babock Borsig Power, Inc., DB Riley, Inc., f/ka Riley Stoker Corporation)
   a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the State of Louisiana, to-wit:
   **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

10. **Viacom, Inc.**
    a corporation duly organized, created and existing under and by virtue of the laws of the state of New York, with its principal place of business in Harahan, Louisiana and with an agent for service in the state of Louisiana, to-wit:
    **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

EXHIBIT "C"

CONTRACTORS:

1. **Anco Insulation, Inc.**
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service, to-wit: **Thomas E. Balhoff, 8440 Jefferson Highway, Suite 301, Baton Rouge, LA 70809**

2. **Eagle, Inc.**
(Formerly Eagle Asbestos & Packing Co., Inc.
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana and with an agent for service in the state of Louisiana, to-wit: **Susan B. Kohn, 1100 Poydras Street, 30th Floor, New Orleans, LA 70163**

3. **Hopeman Brothers, Inc.**
a Delaware Corporation authorized to do and doing business in Louisiana, with its principal place of business in New Orleans, Louisiana, and with an agent for service in the state of Louisiana, to-wit: **C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809**

4. **The McCarty Corporation**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the state of Louisiana, to-wit: **Paul H. Spaht, 445 North Boulevard, Suite 300, Baton Rouge, LA 70802**

5. **Riley Power, Inc.**
(f/k/a Babock Borsig Power, Inc., DB Riley, Inc., f/ka Riley Stoker Corporation) a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Baton Rouge, Louisiana and with an agent for service in the State of Louisiana, to-wit: **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

6. **Viacom, Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of New York, with its principal place of business in Harahan, Louisiana and with an agent for service in the state of Louisiana, to-wit: **Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802**

7. **Reilly-Benton Co., Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Jefferson, Louisiana and with an agent for service in the State of Louisiana, to-wit: **Thomas L. Cougill, C/O Beason-Willingham, LLP, 8550 United Plaza Blvd., Ste. 702, Baton Rouge, La 70809**

8. **Owens-Illinois, Inc.**
a corporation duly organized, created and existing under and by virtue of the laws of the state of Ohio, with its principal place of business in Shreveport, Louisiana and with an agent for service, to-wit: **via the Louisiana Long Arm Statute at its Corporate Headquarters, One Seagate, Toledo, OH 43666**

EXHIBIT "D"

**EMPLOYERS/EMPLOYERS' EXECUTIVE OFFICERS AND DIRECTORS:**

1. NORTHROP GRUMMAN SHIP SYSTEMS, INC.
(f/k/a Avondale Industries, Inc.)
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Avondale, Louisiana and with an agent for service, to-wit:
CT Corporation System
8550 United Plaza Blvd.,
Baton Rouge, LA 70809

2. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer HIGHLANDS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Beacon St.
Allston, MA 02134

3. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer COMMERCIAL UNION INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
275 Phillips Blvd.
Trenton, NJ 08618

4. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer TRAVELERS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Tower Square
Hartford, CT 06103

5. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer AMERICAN MOTORS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
1 Kemper Dr.
Long Grove, IL 60049

6. COMMERCIAL UNION INSURANCE COMPANY
(as the insurer of the deceased Executive Officer of Avondale Industries, Inc.
James O'Donnell,
(For Service of Process via the Direct Action Statute L.R.S. 22:655)
Through the Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, LA 70809

7. HIGHLANDS INSURANCE CO.
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
275 Philips Blvd.
Trenton, NJ 08618

8. ONEBEACON INSURANCE GROUP, L.L.C., individually and as successor by merger to Commercial Union Insurance Company
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Beacon Street
Allston, MA 02134

9. THE TRAVELERS INSURANCE COMPANY
(Via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Tower Square
Hartford, CT 06104

10. AMERICAN MOTORIST INSURANCE COMPANY
(via the Louisiana Long Arm Statute)
1 Kemper Dr.
Long Grove, IL 60049

**EXHIBIT "E"**

**PREMISE DEFENDANTS:**

1. NORTHROP GRUMMAN SHIP SYSTEMS, INC.
(f/k/a Avondale Industries, Inc.)
a domestic corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in Avondale, Louisiana and with an agent for service, to-wit:
CT Corporation System
8550 United Plaza Blvd.,
Baton Rouge, LA 70809

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH A COPY OF PLAINTIFFS' PETITION FOR DAMAGES:**

1. THE MCCARTY CORPORATION
   Through its agent for service of process:
   Paul Spaht
   445 North Blvd., Suite 300
   Baton Rouge, LA 70802

2. ANCO INSULATIONS, INC.
   Through its agent for service of process:
   Tom Balhoff
   ROEDEL, PARSONS, HILL & KOCH
   8440 Jefferson Hwy., Ste. 301
   Baton Rouge, LA 70809

3. OWENS-ILLINOIS, INC.
   (via the Louisiana Long-Arm Statute)
   At its Corporate Headquarters:
   One Seagate
   Toledo, Ohio 43666

4. RILEY POWER, INC. (f/k/a BABCOCK BORSIG POWER, INC., f/k/a D.B. RILEY, INC., f/k/a RILEY STOKER CORPORATION)
   Through its agent for service of process:
   C.T. Corporation Systems
   8550 United Plaza Boulevard
   Baton Rouge, LA 70809

5. REILLY-BENTON COMPANY, INC.
   Through its agent for service of process:
   Thomas L. Cougill,
   C/O Beason-Willingham, LLP
   8550 United Plaza Blvd., Ste. 702
   Baton Rouge, La 70809

6. HOPEMAN BROTHERS, INC.
   Through its agent for service of process:
   C.T. Corporation System
   8550 United Plaza Blvd.
   Baton Rouge, LA 70809

7. EAGLE, INC. (f/k/a Eagle Asbestos & Packing Co.)
   Through its agent for service of process:
   Susan B. Kohn
   1100 Poydras Street
   30th Floor
   New Orleans, LA 70163

8. VIACOM, INC. (individually and as successor-by-merger to CBS Corporation, successor-by-merger to Westinghouse Electric Corporation)
   Through its Registered Agent:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

EMPLOYER DEFENDANTS:

9. NORTHROP GRUMMAN SHIP SYSTEMS, INC., successor by merger to AVONDALE INDUSTRIES, INC.
Through its agent for service of process:
C. T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

10. NORTHROP GRUMMAN SYSTEMS CORPORATION f/k/a NORTHROP GRUMMAN CORPORATION, successor by merger to AVONDALE INDUSTRIES, INC.
Through its agent for service of process:
C. T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

OFFICER AND DIRECTOR DEFENDANTS:

11. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer HIGHLANDS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Beacon St.
Allston, MA 02134

12. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer COMMERCIAL UNION INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
275 Phillips Blvd.
Trenton, NJ 08618

13. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer TRAVELERS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
1 Tower Square
Hartford, CT 06103

14. JAMES O' DONNELL, Deceased
*c\o Avondale Insurer AMERICAN MOTORS INSURANCE COMPANY*
(via the Louisiana Long Arm Statute)
1 Kemper Dr.
Long Grove, IL 60049

15. COMMERCIAL UNION INSURANCE COMPANY
(as the insurer of the deceased Executive Officer of Avondale Industries, Inc. James O'Donnell)
(For Service of Process via the Direct Action Statute L.R.S. 22:655)
Through the Louisiana Secretary of State
8549 United Plaza Boulevard
Baton Rouge, LA 70809

*Insurance Carriers for Defendant Avondale:*

16. HIGHLANDS INSURANCE CO.
(via the Louisiana Long Arm Statute)
Through the secretary of state at its corporate headquarters:
275 Philips Blvd.
Trenton, NJ 08618

17. ONEBEACON INSURANCE GROUP, L.L.C., individually and as successor by merger to
    Commercial Union Insurance Company
    (via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:
    1 Beacon Street
    Allston, MA 02134

18. THE TRAVELERS INSURANCE COMPANY
    (Via the Louisiana Long Arm Statute)
    Through the secretary of state at its corporate headquarters:
    1 Tower Square
    Hartford, CT 06104

19. AMERICAN MOTORIST INSURANCE COMPANY
    (via the Louisiana Long Arm Statute)
    1 Kemper Dr.
    Long Grove, IL 60049